Todd M. Friedman (SBN 216752)
Nicholas J. Bontrager (SBN 252114)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com

*Attorneys for Plaintiff*

FILED
CLERK, U.S. DISTRICT COURT
AUG 28 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MONICA CEJA, INDIVIDUALLY AND ON )
BEHALF OF ALL OTHERS SIMILARLY )
SITUATED, )
)
Plaintiff, )
)
        vs. )
)
SHOPKICK, INC.; AND DOES 1 THROUGH )
10, INCLUSIVE, AND EACH OF THEM, )
)
Defendants. )
)
)
)
)
)
)
)

Case No. CV13-   6295 RSWL (SHx)

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF:**

1.  NEGLIGENT VIOLATIONS OF
    THE TELEPHONE CONSUMER
    PROTECTION ACT [47 U.S.C.
    §227 ET SEQ.]
2.  WILLFUL VIOLATIONS OF
    THE TELEPHONE CONSUMER
    PROTECTION ACT [47 U.S.C.
    §227 ET SEQ.]

**DEMAND FOR JURY TRIAL**

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 26 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

        Plaintiff, MONICA CEJA ("Plaintiff"), on behalf of himself and all others similarly

situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

        1.      Plaintiff brings this action for himself and others similarly situated seeking

damages and any other available legal or equitable remedies resulting from the illegal actions

of SHOPKICK, INC., ("Defendant"), in negligently, knowingly, and/or willfully contacting

Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection

1  Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2  **JURISDICTION & VENUE**

3       2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident

4  of California, seeks relief on behalf of a Class, which will result in at least one class member

5  belonging to a different state than that of Defendant, a company with its principal place of

6  business and State of Incorporation in California state.  Plaintiff also seeks up to $1,500.00 in

7  damages for each call in violation of the TCPA, which, when aggregated among a proposed

8  class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.

9  Therefore, both diversity jurisdiction and the damages threshold under the Class Action

10  Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

11       3.     Venue is proper in the United States District Court for the CENTRAL District of

12  California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does

13  business within the state of California and the county of Los Angeles.

14  **PARTIES**

15       4.     Plaintiff, MONICA CEJA ("Plaintiff"), is a natural person residing in California

16  and is a "person" as defined by *47 U.S.C. § 153 (10)*.

17       5.     Defendant, SHOPKICK, INC., ("Defendant"), is a leader in the consumer debt

18  recovery industry and is a "person" as defined by *47 U.S.C. § 153 (10)*.

19       6.     The above named Defendant, and its subsidiaries and agents, are collectively

20  referred to as "Defendants."  The true names and capacities of the Defendants sued herein as

21  DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who

22  therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein

23  as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of

24  Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants

25  when such identities become known.

26       7.     Plaintiff is informed and believes that at all relevant times, each and every

27  Defendant was acting as an agent and/or employee of each of the other Defendants and was

28  acting within the course and scope of said agency and/or employment with the full knowledge

1 │ and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the

2 │ acts and/or omissions complained of herein was made known to, and ratified by, each of the

3 │ other Defendants.

4 │ **FACTUAL ALLEGATIONS**

5 │     8.    Beginning in or around May 22, 2013 at 8:33 p.m., Defendant contacted

6 │ Plaintiff on her cellular telephone at (323) 610-6132, through a text message blast in an attempt

7 │ to communicate with Plaintiff to promote an internet application for Shopkick.com.

8 │     9.    Defendant sent a text message to Plaintiff stating "Hi! I gave you 50 kicks on

9 │ shopkick,      a      fun      app      that      lets      you      earn      rewards      for      shopping.

10 │ Http://get.shopkick.com/indio9651"

11 │     10.    Defendant used an "automatic telephone dialing system", as defined by *47*

12 │ *U.S.C. § 227(a) (1)* to place its text message to Plaintiff seeking to communicate with Plaintiff

13 │ to promote an internet application for Shopkick.com.

14 │     11.    Defendant's text message constituted a non-consented call to a cellular phone

15 │ for a non emergency purpose using an "automatic telephone dialing system" as defined by *47*

16 │ *U.S.C. § 227(b) (1) (A)*.

17 │     12.    Defendant's text message was placed to telephone number assigned to a cellular

18 │ telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. §*

19 │ *227(b)(1)*.

20 │     13.    Defendant never received Plaintiff's "prior express consent" to receive text

21 │ messages or calls using an automatic telephone dialing system or an artificial or prerecorded

22 │ voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

23 │ **CLASS ALLEGATIONS**

24 │     14.    Plaintiff brings this action on behalf of himself and all others similarly situated,

25 │ as a member of the proposed class (hereafter "The Class") defined as follows:

26 │
27 │         All persons within the United States who received any collection
        telephone  calls  from  Defendant  to  said  person's  cellular
        telephone  made  through  the  use  of  any  automatic  telephone
28 │         dialing  system  or  an  artificial  or  prerecorded  voice  and  such

person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

15.  Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

16.  Defendant, its employees and agents are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

17.  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

18.  Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

19.  Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.   Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.   Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

20.   As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

21.   Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22.   A class action is superior to other available methods of fair and efficient adjudication of the controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the this Class members not parties to such adjudications or that would substantially

1    impair or impede the ability of such non-party Class members to protect their interests.

2        24.     Defendant has acted or refused to act in respects generally applicable to The

3    Class, thereby making appropriate final and injunctive relief with regard to the members of the

4    California Class as a whole.

5                        **FIRST CAUSE OF ACTION**

6        **Negligent Violations of the Telephone Consumer Protection Act**

7                   **47 U.S.C. §227 et seq.**

8        25.     Plaintiff repeats and incorporates by reference into this cause of action the

9    allegations set forth above at Paragraphs 1-33.

10        26.     The foregoing acts and omissions of Defendant constitute numerous and

11    multiple negligent violations of the TCPA, including but not limited to each and every one of

12    the above cited provisions of *47 U.S.C. § 227 et seq.*

13        27.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*,

14    Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for

15    each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

16        28.     Plaintiff and the Class members are also entitled to and seek injunctive relief

17    prohibiting such conduct in the future.

18                     **SECOND CAUSE OF ACTION**

19    **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

20                   **47 U.S.C. §227 et seq.**

21                  (Against All Defendants)

22        29.     Plaintiff repeats and incorporates by reference into this cause of action the

23    allegations set forth above at Paragraphs 1-37.

24        30.     The foregoing acts and omissions of Defendant constitute numerous and

25    multiple knowing and/or willful violations of the TCPA, including but not limited to each and

26    every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

27    ///

28    ///

1 │ ///

2 │ 31. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227*

3 │ *et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory

4 │ damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. §*

5 │ *227(b)(3)(C)*.

6 │ 32. Plaintiff and the Class members are also entitled to and seek injunctive relief

7 │ prohibiting such conduct in the future.

8 │ **PRAYER FOR RELIEF**

9 │ WHEREFORE, Plaintiff requests judgment against Defendant for the following:

10 │ **FIRST CAUSE OF ACTION**

11 │ **Negligent Violations of the Telephone Consumer Protection Act**

12 │ **47 U.S.C. §227 et seq.**

13 │ • As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)(1)*,

14 │ Plaintiff and the Class members are entitled to and request $500 in statutory

15 │ damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

16 │ • Any and all other relief that the Court deems just and proper.

17 │ ///

18 │ ///

19 │ ///

20 │ ///

21 │ ///

22 │ ///

23 │ ///

24 │ ///

25 │ ///

26 │ ///

27 │ ///

28 │ ///

1    ///

2    ## SECOND CAUSE OF ACTION

3    **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

4    **47 U.S.C. §227 et seq.**

5    • As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §*

6    *227(b)(1)*, Plaintiff and the Class members are entitled to  and request treble

7    damages, as provided by statute, up to $1,500, for each and every violation,

8    pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

9    • Any and all other relief that the Court deems just and proper.

11   Respectfully Submitted this 21st Day of August, 2013.

13   LAW OFFICES OF TODD M. FRIEDMAN, P.C.

15   By:    s/Todd M. Friedman
            Todd M. Friedman, Esq.
16          Law Offices of Todd M. Friedman
            Attorneys for Plaintiff
17          tfriedman@attorneysforconsumers.com

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MONICA CEJA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Todd M. Friedman, Esq., Law Offices of Todd M. Friedman, P.C., 369 S. Doheny Dr, #415, Beverly Hills, CA 90211

## DEFENDANTS

SHOPKICK, INC., AND DOES 1 THROUGH 10, INCLUSIVE, AND EACH OF THEM

County of Residence of First Listed Defendant  SAN MATEO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. 227 ET SEQ

Brief description of cause:
Violation of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

CV13- 6295

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  08/23/2013

SIGNATURE OF ATTORNEY OF RECORD  s/ Todd M. Friedman

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

8/27/13 11:14AM PDT '8666330228' --> 12138946860                                    Pg 2/2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Mateo |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**                                          DATE: 8/27/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)                                   CIVIL COVER SHEET                                   Page 2 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| MONICA CEJA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) ) Civil Action No. **CV13-  6295** DSWL (SHx) |
| SHOPKICK, INC.; AND DOES 1 THROUGH 10, INCLUSIVE, AND EACH OF THEM | ) ) ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SHOPKICK, INC.
999 MAIN STREET, 2ND FLOOR
REDWOOD CITY CA 94063

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr, #415
Beverly Hills, CA 90211

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG 2 8 2013

CLERK OF COURT

**JULIE PRADO**

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10066; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10066; I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10066; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

&#10066; I returned the summons unexecuted because _____ ; or

&#10066; Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                        *Server's signature*

                                     _____
                                        *Printed name and title*


                                     _____
                                        *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge ＿＿＿＿＿ Ronald S.W. Lew ＿＿＿＿＿ and the assigned Magistrate Judge is ＿＿＿＿ Stephen J. Hillman ＿＿＿＿ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV6295 RSWL SHx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

＿＿＿＿ August 28, 2013 ＿＿＿＿
Date

By ＿J.Prado＿＿＿＿＿＿＿＿＿
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---